Sneed, J.,
delivered the opinion' of the court.
This was a petition for a certiorari, which in the circuit court was dismissed upon motion. The petitioner appealed.
The petition shows merit, and the only question presented is, whether the petitioner has forfeited her *32 right to the writ by not alleging good and sufficient grounds for not appealing.
She states that she was the owner of a mare worth-one hundred and twenty-five dollars, and that, by some unknown means, she lost possession of this animal, which was afterward found in the possession of the defendant, Fields. That she sent her son after the mare, who brought her home, but did not disclose to-petitioner tbe manner in which he had obtained possession. That she was led to suppose that he obtained the animal by making “some sort of affidavit” as to the ownership; but she was not advised that a.ny lawsuit was instituted for the recovery, nor was -her son aware of the nature of the proceeding under which he took possession of the mare for his mother.
As a matter of fact, this was under a warrant issued by a justice of the peace, in replevin; her said son and one Rutledge having become the sureties of petitioner on the bond for $250, neither of "whom, however, had any interest in the property.
Petitioner did not attend the trial, because she did not know, and was not informed, that any lawsuit was pending; and she was not apprised of that fact until after execution was issued upon the judgment for the defendant, for the whole j>enalty of the bond.
The question is, was the prisoner’s ignorance of the fact that an action was pending, such a blameless misfortune as entitles her to the writ? In such a case, we are constrained to hold that it was.
The petitioner is a woman, and a widow, and ignorant of the forms of law. She had not authorized *33 the institution of any lawsuit for the recovery of the property, and did not in fact know that a suit had been brought. She cannot be held accountable for the negligence or the ignorance of the son. She is the owner of the property, and the party to be ultimately affected by the result.
It is ignorance of a fact, and not of law, that she pleads as an excuse for not appealing.
If she had known that a litigation was pending, she alleges that she would have been present, and, if cast, would have taken her appeal.
In such a case, it would be au act of gross injustice to deny her this writ of right, which the Constitution accords, upon “sufficient cause shown.”
These cases must stand upon their own facts, and the courts are to determine what is sufficient cause in the sense of the Constitution. And as this court has repeatedly said, in view of the enlarged jurisdiction of the justices, it is incumbent upon the courts to guard with the greater jealousy this important shield of the citizen from oppression and injustice.
We think the petition presents, not only a case of merits, but also one of blameless misfortune, in the sense of the law, and that the petitioner is entitled to the remedy.
Reverse the judgment, and remand the case for trial upon the merits.